IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHN HOFFMAN,** | ) |
| Plaintiff, | ) |
| v. | ) Civil No. **08-005-JPG** |
| **BLR GROUP OF AMERICA, INC.,** and **AMAR MURTHY,** | ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is the Motion of the United States to Quash Subpoena or Alternatively to Enter a Protective Order. **(Doc. 57)**. Defendants filed a response at **Doc. 59**. Plaintiff did not file a response.

The United States is not a party to this case. The motion concerns the deposition of an employee of a federal contractor, Robert Zebroski. Defendant BLR Group had a contract with the United States Air Force to provide air traffic management support services. Plaintiff John Hoffman worked for BLR as an independent contractor. He brings claims for breach of oral contract and defamation arising out of the termination of his relationship with BLR.

Plaintiff has taken the position in this case that he has been damaged by defendants in that other governmental contractors will not hire him. In his deposition, plaintiff testified that Mr. Zebroski rejected plaintiff's application for employment because of statements made by defendant Murthy about plaintiff, and that that Mr. Zebroski "will allude to the employability of myself." **See, Doc. 59, Ex. A**.

1

Defendants have served Mr. Zebroski with a subpoena to appear for deposition on February 12, 2009.  The court orally instructed the parties to postpone the deposition pending a ruling on the government's motion.

The government moves to quash the subpoena because defendants have not followed the "Touhy procedures."  In ***United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416 (1951)**, the Supreme Court upheld a regulation which set forth administrative procedures to be followed when demands for information are received by federal employees.  ***Touhy*** held that it is appropriate for the head of an agency "to prescribe regulations not inconsistent with law for 'the custody, use, and preservation of the records, papers, and property appertaining to'[the agency.]" ***Touhy*, 340 U.S. 468, 71 S.Ct 419.**

The United States relies on 32 C.F.R. §97.6, which authorizes Department of Defense officials to "determine whether official information may be released in litigation; whether DoD personnel assigned to or affiliated with the Component may be interviewed, contacted, or used as witnesses concerning official DoD information or as expert witnesses; and what, if any, conditions will be imposed upon such release, interview, contact, or testimony." 32 C.F.R. §97.6(a)(1).  The government asserts that the witness is subject to this regulation because 32 C.F.R. §97.3(b) defines DoD personnel to include "other specific individuals hired through contractual agreements by or on behalf of the Department of Defense."

Defendants argue that this court has already invalidated the ***Touhy*** procedures. Defendants are incorrect.  This court has no authority to overrule Supreme Court cases.  This court's  previous order denying the government's motion for a protective order was in a different context and concerned a different issue.  There, the ***Touhy*** procedures had already been

complied with, and the issue was whether the government could assert a blanket evidentiary privilege based on the regulations.  This court held that the regulations do not create an evidentiary privilege, and that the federal employee's deposition must be taken pursuant to the Federal Rules of Civil Procedure.   **See, Doc. 55.**

The question presented here is far different, and is clearly answered by *Touhy*.  The procedures established by 32 C.F.R. §§ 97.3 and 97.6 are valid under *Touhy*, and must be complied with.

Defendants also argue that Mr. Zebroski does not fall within the definition of "DoD personnel" because he is an employee of a government contractor, and is not a contractor himself.  Defendants offer no authority in support of their position, and the court finds their analysis unpersuasive.

Upon consideration and for good cause shown, the Motion of the United States to Quash Subpoena or Alternatively to Enter a Protective Order **(Doc. 57)** is **GRANTED**.  The subpoena directed to Robert Zebroski is quashed.  The court further orders that Robert Zebroski shall not be deposed unless and until the procedures set up under 32 C.F.R. §97.6 are followed.

**IT IS SO ORDERED.**

**DATE:  February 12, 2009.**

**s/ Clifford J. Proud**  
**CLIFFORD J. PROUD**  
**U.S. MAGISTRATE JUDGE**
