UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN HOFFMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| BLR GROUP OF AMERICA, INC. and AMAR MURTHY, | ) ) ) ) |
| Defendants. | ) ) |
| | )   Case No.: 08-5-JPG-CJP |
| BLR GROUP OF AMERICA, INC., | ) ) |
| Counterclaim-Plaintiff, | ) ) ) |
| v. | ) ) |
| JOHN HOFFMAN, | ) ) |
| Counterclaim-Defendant | ) ) |

**BLR GROUP OF AMERICA, INC'S AND AMAR MURTHY'S RESPONSE IN OPPOSITION TO MOTION TO QUASH SUPPLEMENTAL DEPOSITION**

COME NOW Defendants BLR Group of America, Inc. and Amar Murthy (collectively, "Defendants") by and through their undersigned attorneys, and for their Response in Opposition to the Motion to Quash Supplemental deposition ("Motion"), respectfully state to the Court as follows

1. Counsel for Defendants deposed John Hoffman, the plaintiff in this case, on July 15, 2008.

2. During this deposition, Mr. Hoffman claimed that the allegedly defamatory remarks of defendant Amar Murthy made it impossible for Mr. Hoffman to gain employment at Scott Air Force Base or with contractors who contracted with the United States Air Force.

3.       Counsel for Defendants asked Mr. Hoffman to identify specific jobs for which he applied and was denied. Mr. Hoffman replied, "I'll have to go home, and I'll have to provide you that information. I don't have that information available." (Hoffman Dep. 141.)

4.       The following colloquy ensued:

> MR. HENNESSY: Jim, so you know, depending upon what that is - -
>
> MR. WILLIAMS: We may have to do a supplemental deposition. It's possible.

(Hoffman Dep. 141.)

5.       Later in the deposition, when asked to identify the positions for which he applied, Mr. Hoffman stated, "I can do that. I don't have it with me, but I'll have to provide it." (Hoffman Dep. 141.)

6.       The following colloquy ensued:

> MR. HENNESSY: Counsel, so we're clear on this, this will likely - - unless you can tell me that there's some modification of the allegations of damage that would make it unfruitful or unnecessary for us to go forward, we're probably going to want a supplemental deposition in this area.
>
> MR. WILLIAMS: As long as we can agree it will be limited to that area, I think that's appropriate. I don't have a problem with that. I mean, he doesn't have information, but he can gather it, and you can come back, and we can make arrangements for you to examine him further about the job opportunities that were lost because of what was said.
>
> MR. HENNESSY: Okay. All right.
>
> MR. WILLIAMS: I mean, can we have the agreement that it will be limited to that area?
>
> MR. HENNESSY: Yeah, we'll talk about the details, but, I mean, if we don't agree on the ground rules, then we'll - - and we can't work it out, we'll go to the court and let the judge decide.

        MR. WILLIAMS:  Fine.

(Hoffman Dep. 146.).

    7.    At the end of the deposition, the following colloquy ensued:

> MR. HENNESSY:  During the deposition, we questioned Mr. Hoffman about claimed damages attributable to the defamation claims, and Mr. Hoffman in response to various questions said words to the effect - - and, of course, the transcript will bear his actual words - - that he had information at home or had a list, etc., and should he or his lawyers intend to rely on such information that was not provided in response to questions, then we would want the right to take a supplemental deposition of Mr. Hoffman, obtain the supplemental production prior thereto to explore those claimed damages.
>
> MR. WILLIAMS:  And I have no objection to it.  As a matter of fact, I'll agree to a supplemental deposition as long as we agree now that it will be limited to items that you may need to explore based on what is produced subsequently.  And what I mean by that is we're not plowing the same ground we plowed today.
>
> MR. HENNESSY:  To the extent - - Yes, I would agree with respect to these particular issues that I outlined, that we wouldn't re-plow new ground.  Now, should, for instance, some other circumstances occur that none of us are aware of right now that would in our view justify a supplemental deposition of Mr. Hoffman beyond the scope of that, we want to reserve the right to address it at that time, but as to those issues that are presently in play, we would explore only those on the basis of this - - what he's admitted in this transcript today.
>
> MR. WILLIAMS:  Thank you.

(Hoffman Dep. 166-67.)

    8.    Based on the above exchanges, Plaintiff has agreed and stipulated to the need for an additional deposition of Mr. Hoffman in this case.

    9.    In a series of emails defense counsel exchanged with counsel for Mr. Hoffman, defense counsel requested dates for Mr. Hoffman's supplemental deposition.  True and accurate copies of these communications are attached as Exhibit B.  Counsel for Mr. Hoffman orally

confirmed the need to take Mr. Hoffman's supplemental deposition, and subsequent emails from Defense counsel confirm this fact. (Affidavit of T. Hennessy, attached hereto as Exhibit C; Exhibit B.)

10. The above demonstrates an agreement and stipulation to take Mr. Hoffman's supplemental deposition.

11. The taking of this deposition is crucial to the defendants' efforts to prepare a defense to plaintiff's damage claims and defendants' will be severely prejudiced, if the deposition does not take place.

WHEREFORE, Defendants respectfully requests that the Court deny the Motion, and *order* the plaintiff to submit to the supplemental deposition, as agreed and for such other and further relief that may be appropriate under the circumstances.

Dated: April 29, 2009

        Respectfully submitted,

        GREENSFELDER, HEMKER & GALE, P.C.

        By:    s/Thomas F. Hennessy, III
                 Thomas F. Hennessy, III, #01190156
                 Clark W. Hedger, #6286372
                 th@greensfelder.com
                 ch1@greensfelder.com
                 12 Wolf Creek Drive, Suite 100
                 Swansea, Illinois 62226
                 (618) 257-7308
                 (618) 257-7308 (fax)

        *Attorneys for BLR Group of America, Inc. and Amar Murthy*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on April 29, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF to be served by operation of the Court's electronic filing system upon the following:

      Van-Lear P. Eckert
      James R. Williams
      Williams Caponi, Foley & Eckert, P.C.
      30 East Main Street
      PO Box 565
      Belleville IL 62220
      **Attorneys for Plaintiff**

      s/Thomas F. Hennessy, III

1128360