IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JOHN HOFFMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil No. **08-005-JPG** |
| **BLR GROUP OF AMERICA, INC.,** and **AMAR MURTHY,** | ) ) | |
| Defendants. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court are Plaintiff's Motion to Quash **(Doc. 60)**, the Motion of the United States of America for a Protective Order **(Doc. 62)**, and Defendants' Motion to Strike **(Doc. 89)**.

These motions arise out of defendants' energetic pursuit of discovery. Defense counsel has informed the parties that he intends to depose "at least" twenty-five more witnesses. Subsequent to the filing of the motions, defendants' attorney served a *Touhy* request seeking the depositions of fourteen witnesses. See, **Doc. 84** and exhibit attached thereto. Defendants had previously taken the position that they were not required to follow the *Touhy* procedures in this case, see **Doc.67**, but have since abandoned that position.

The Motion to Strike presents a related issue. Defendants ask the Court to strike **Doc. 88**, which is a list of the proposed witnesses who were not disclosed by plaintiff herein. The government suggests that the fact that they were not disclosed by plaintiff suggests that they are not crucial witnesses who must be deposed. On the other hand, defendants point out in their Motion to Strike, **Doc. 89**, that plaintiff did, in fact, identify eight of the sixteen persons listed in

1

**Doc. 88.** The Court will not strike the government's pleading, but will consider it for whatever it is worth. The Court recognizes that the United States is not a party to this litigation, and is not necessarily fully aware of all discovery that has taken place.

In their response to plaintiff's motion, defendants state that they presently wish to depose seventeen additional witnesses; if all of those persons are deposed, defendants will have taken a total of twenty-six depositions. **See, Doc. 68, p. 9, note 9**. Defendants seek relief from the presumptive limit of ten depositions pursuant to Fed.R.Civ.P. 30(a)(2)(A(i).

There are no subpoenas or deposition notices before the Court. While plaintiff's motion is styled as a motion to quash, it is, in reality, a motion for protective order. Plaintiff asks the Court to enter an order limiting defendants to ten depositions.

The United States complains that defendants intend to depose at least twenty-five persons who are employees of the government or government contractors. The U.S.' motion is partially moot, as defendants have now served a *Touhy* request.

As is explained in defendants' response to plaintiff's motion and in their Motion to Strike, **Doc. 89**, the individuals that they seek to depose were identified by plaintiff as having information regarding both liability and/or damages. Neither plaintiff nor the United States make a substantive argument that the testimony of any particular individual would be irrelevant. Rather, the argument is that the sum total of all the depositions would be overly burdensome.

On the record as it now stands, the Court is unable to agree that the proposed depositions are overly burdensome or abusive. Rule 30(a)(2)(A)(i) directs the Court to grant leave to take more than ten depositions "to the extent consistent with Rule 26(b)(2)." The Court finds that it is appropriate to permit defendants to take the depositions they seek, as set forth in **Doc. 68**, which

2

will result in defendants taking a total of twenty-six depositions. However, the Court adds this important *caveat*: the Court's decision on the instant motions is in no way intended to interfere with the government's processing of the outstanding *Touhy* requests. Once the government has responded to the *Touhy* requests, the parties and the United States will be free to file such motions as they deem appropriate and necessary.

The United States also raises concerns about the length of depositions. The Court is reluctant to impose an across-the-board limit. Rather, the Court will leave it to counsel to work out an arrangement that is agreeable to the parties and to the government, recognizing that the discovery in this case has necessitated the expenditure of substantial amounts of government time and resources.

Lastly, the Court notes that Judge Gilbert has indicated that the Court will entertain motions to extend discovery. **See, Doc. 87.** The current deadline for the completion of discovery is July 9, 2009.

For the foregoing reasons, Plaintiff's Motion to Quash **(Doc. 60)**, the Motion of the United States of America for a Protective Order **(Doc. 62)**, and Defendants' Motion to Strike **(Doc. 89)** are all **DENIED**. Pursuant to Rule 30(a)(2), defendants are granted leave to take a total of twenty-six depositions, including the depositions of the persons listed in **Doc. 68.**

**IT IS SO ORDERED.**

**DATE: June 23, 2009.**

                                          **s/ Clifford J. Proud**
                                          **CLIFFORD J. PROUD**
                                          **UNITED STATES MAGISTRATE JUDGE**